# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-1652
_____

United States of America

*Plaintiff - Appellee*

v.

Adrian Minnis, also known as Bo

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 14, 2022
Filed: April 15, 2022
[Unpublished]

_____

Before SMITH, Chief Judge, WOLLMAN and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Adrian Minnis appeals from the district court's[1] denial of his motion for a sentence reduction under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018). We affirm.

On March 31, 2006, Minnis pleaded guilty to conspiracy to distribute and possess with intent to distribute at least one kilogram of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 (Count I), and possession with intent to distribute an unspecified amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count II). Minnis's advisory Guidelines range was 360 months to life imprisonment. The court sentenced Minnis to 420 months' imprisonment on Count I and a concurrent term of 240 months' imprisonment on Count II. Minnis appealed both his conviction and sentence. This court affirmed. *See United States v. Minnis*, 489 F.3d 325, 334 (8th Cir. 2007). Minnis subsequently filed unsuccessful post-conviction motions.

On January 2, 2020, Minnis filed an amended motion to reduce sentence pursuant to § 404 of the First Step Act. The district court denied the motion. Although the district court concluded that Count I is a "covered offense" under the First Step Act, it determined that Minnis was ineligible for a sentence reduction because Count II was *not* a "covered offense." R. Doc. 1354, at 4–5. Alternatively, the court determined that "even if Count II were a covered offense under the FSA it would still decline to reduce Minnis'[s] sentence." *Id.* at 5. The district court determined that a sentence reduction was not warranted in Minnis's case after thoroughly considering each of Minnis's arguments.

On appeal, Minnis argues that the district court (1) erred in determining that his conviction under 21 U.S.C. § 841(b)(1)(C) does not qualify as a "covered offense"

---

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

under § 404 of the First Step Act; (2) erred by declining to re-analyze the sentencing factors in 18 U.S.C. § 3553(a); and (3) abused its discretion by declining to reduce his sentence.

Section 404 of the First Step Act makes retroactive certain portions of the Fair Sentencing Act of 2010 that lowered the statutory penalties for certain offenses involving cocaine base. Specifically, § 404 of the First Step Act applies to "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." Pub. L. No. 115-391, § 404(a), 132 Stat. 5194, 5222 (2018). It "permits a district court to 'impose a reduced sentence' if an offender was previously sentenced 'for a covered offense.'" *United States v. March*, No. 20-2240, 2021 WL 5917781, at *1 (8th Cir. Dec. 15, 2021) (unpublished per curiam) (quoting Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018)).

Under § 404(a), "[a]n offense is 'covered' if its statutory penalties were 'modified' by the Fair Sentencing Act of 2010." *Id.* While "[t]he Fair Sentencing Act altered the minimum and maximum penalties for certain cocaine offenses,"[2] it did not change "the statutory penalties for an offense under § 841(b)(1)(C)." *Id.* "Both before and after 2010, the penalties for [Minnis's] drug trafficking offense[] [in Count II] were zero to twenty years' imprisonment, a fine up to $1 million, or both, and a period of supervised release." *Id.*

Therefore, "the penalties for [Minnis's] drug offense[] [in Count II] were not 'modified' by the Fair Sentencing Act, and th[at] offense[] [is] not 'covered' for purposes of § 404 of the First Step Act." *Id.* (citing *Terry v. United States*, 141 S. Ct.

---

[2]"The Act increased the amount of crack cocaine required to trigger the mandatory minimum penalties, and the corresponding maximum penalties, under 21 U.S.C. §§ 841(b)(1)(A)(iii) and (B)(iii)." *Id.*

-3-

1858, 1862–63 (2021) (holding because Fair Sentencing Act did not modify statutory penalties for § 841(b)(1)(C), a conviction under that section is not a "covered offense" under the First Step Act)). We hold that the district court "correctly determined that [Minnis] is not eligible for a reduction of sentence under the First Step Act." *Id.*[3]

Accordingly, we affirm the judgment of the district court.

_____

---

[3]Because we hold that Minnis's offense under 21 U.S.C. § 841(b)(1)(C) is not a "covered offense" and therefore renders him ineligible for a sentence reduction, we need not reach the remainder of his arguments.